UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY R. KERN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-00146-RLY-MPB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons discussed in this Order, the motion of Anthony Kern for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Legal Standard**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice" *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. Factual Background

The facts of Kern's criminal conduct, as stipulated by the parties in Kern's plea agreement, are as follows.

> Beginning at least as early as October 1, 2014, the defendant knowingly, intentionally, and willfully entered into an unlawful agreement with other persons in the "Kern Methamphetamine Drug Trafficking Organization" to distribute methamphetamine.
>
> From approximately October 1, 2014, until July 1, 2015, the defendant obtained more than 1.5 kilograms of methamphetamine ice, but less than 4.5 kilograms of methamphetamine ice, all of which defendant distributed to other members or associates of the Kern Methamphetamine Drug Trafficking Organization in the Southern District of Indiana.
>
> During the period of the defendant's involvement, the defendant and other members of the Kern Methamphetamine Drug Trafficking Organization distributed methamphetamine and conducted other acts in furtherance of the unlawful agreement, in the Southern District of Indiana and elsewhere.
>
> The defendant knew that the substances that the defendant distributed were controlled substances.

*United States v. Kern*, 3:15-cr-00039-RLY-CMM-1 (hereinafter "Crim. Dkt."), dkt. 46 at 7-8. On September 30, 2015, an indictment (the "Indictment") was filed against Kern, charging that he conspired to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). *See* Crim Dkt. 1.

On May 10, 2018, Kern entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) and agreed to plead guilty to the charges in the Indictment. *See* Crim. Dkt. 46. Both parties agreed and stipulated to a factual basis that supported a conviction for the charges. *Id*. at 7-8. The parties also stipulated to a sentence of 216 months' imprisonment. *Id*. at 4. Kern agreed to waive his right to appeal his conviction and sentence if the Court sentenced him in accordance with the plea agreement. *Id*. at 9-10. Kern further agreed not to contest or seek to

modify his conviction or sentence or the manner in which they were determined in any later legal proceeding, including but not limited to an action brought under 28 U.S.C. § 2255. *Id.* at 10-11.

On June 11, 2018, the Court accepted Kern's plea of guilty, finding that a factual basis existed for the plea and that the plea was voluntarily made. *See* Crim Dkt. 49. On August 27, 2018, the Court sentenced Kern to 216 months' imprisonment in accordance with the terms of the plea agreement. *See* Crim Dkt. 54. Kern did not appeal his conviction or sentence. On July 26, 2019, Kern filed the presently pending § 2255 petition. Dkt. 1-2.

### III. Discussion

Kern argues that he is entitled to relief because he received ineffective assistance of counsel and his plea was not voluntary. For the reasons below, the Court finds that Kern's arguments are without merit.

#### A. Ineffective Assistance of Counsel

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel performed deficiently and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Delatorre v. United States*, 847 F.3d 837, 844 (7th Cir. 2017). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

The right to effective assistance of counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). The *Strickland* two-part test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The performance inquiry requires the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Lafler*, 566 U.S. at 163. To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted).

In his petition, Kern raises two grounds for ineffective assistance of counsel: (1) that his counsel was ineffective during plea negotiations, and (2) that his counsel failed to object or request a downward departure to his criminal history category. *See* dkt. 2 at 5-10. The Court will consider each argument in turn.

### 1. Plea Negotiations

First, Kern argues that his counsel was ineffective during plea negotiations because Kern believes that he could have received a more beneficial plea agreement. *Id.* at 5-7. However, as the respondent correctly points out, Kern's counsel's performance cannot be deemed deficient for that reason. *See Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006) ("Whether [trial counsel] could have negotiated a better plea deal is irrelevant to the issue of prejudice in the ineffective assistance of counsel context."). Furthermore, nothing in the record supports Kern's contention that a more favorable plea agreement was ever offered by the government. To the contrary, the sentencing transcript reflects that counsel for the government "[did] not have approval" for a different plea. Dkt. 60 at 21. In response to Kern's questions about a potential, different plea offer, counsel for the government unequivocally explained to Kern, "Just so you understand, when you say plea, there was really only one plea that was essentially written up and approved by my supervisor, and that was the plea that you have signed." *Id.* Accordingly, because Kern cannot show that his counsel's performance in plea negotiations was deficient, he is not entitled to relief on that ground. *See Groves*, 755 F.3d at 591 ("If [a petitioner] is unable to make a sufficient showing of one of the *Strickland* prongs, [the Court] need not consider the other.") (citing *Strickland*, 466 U.S. at 697).

                              *2.   Downward Departure Based on Criminal History*

Next, Kern argues that his counsel was ineffective for failing to object to Kern's criminal history category and seek a downward departure based on his criminal history. Dkt. 2 at 7-10. This argument is likewise without merit because Kern's plea agreement included a stipulated sentence of 216 months' imprisonment, to which the Court ultimately sentenced him in keeping with the parties' plea agreement. Therefore, his counsel's attempt to seek additional downward departure would have been futile as it would not have affected his sentence. *Faucett v. United States*, 872 F.3d 506, 512 (7th Cir. 2017) ("Refraining from a meritless sentencing argument cannot be characterized as objectively unreasonable."). For that same reason, since any objection would have been overruled as meritless, Kern's attorney was not constitutionally deficient for failing to object. *See Lambert v. McBride*, 365 F.3d 557, 564 (7th Cir. 2004) (finding no deficient performance where the proposed objection would have been overruled if made). *See also Northern v. Boatwright*, 594 F.3d 555, 561 (7th Cir. 2010) ("[O]bviously, an attorney is not constitutionally deficient for failing to lodge a meritless objection."). His attorney was therefore not deficient, and Kern is not entitled to relief on this ground. *Groves*, 755 F.3d at 591.

**B. Knowing and Voluntary Plea**

Finally, Kern argues that he is entitled to relief because his guilty plea was not voluntary. Kern contends that his plea was not voluntary because he was housed at Henderson County Detention Center and "believed accepting the government's plea agreement was his only way out." Dkt. 2 at 11-13.

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005). "A guilty plea is intelligent and knowing when the defendant is competent, aware of the charges and advised by competent counsel." *United*

*States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir. 1989).  A defendant's sworn statements during a Rule 11 plea colloquy are presumed to be true. *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). A defendant "cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity." *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008).

Here, at the plea hearing, the Court conducted a thorough colloquy pursuant to Rule 11. *See* Crim Dkt. 61. The Court confirmed that Kern understood the nature of the charge against him, the elements of the offense the government would need to prove, the maximum penalty possible under the charge, and the applicability of the sentencing guidelines. Kern, sworn under oath, affirmed his understanding of the charges against him, the terms of the plea agreement, and entered his plea of guilty. And the Court accepted his plea as knowing and voluntary, stating the following:

> It is the finding of the Court in the case of United States of America versus Anthony Kern, the defendant is fully competent and capable of entering an informed plea. The defendant is aware of the nature of the charges and the consequences of his plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of that charge in the indictment. The plea is therefore accepted. The defendant is now adjudged guilty of that charge in the indictment.

*Id*. at 22-23.

Kern fails to provide a compelling reason why the statements he made to the Court are now false.  Despite several opportunities to do so during the change of plea hearing, Kern never objected to the plea agreement, never informed the Court he was dissatisfied with his attorney, and never asserted that he was being coerced.  Rather, he stated that he was pleading guilty of his own free will, having understood his charge and the potential sentencing, and that he was satisfied with his attorney's assistance.  His statements to the Court are given a "strong presumption of verity," *United States v. Silva*, 1"2 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S.

63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.* Without more, Kern cannot now allege that his statements in court were untruthful. Accordingly, Kern's allegation that he was coerced into taking the plea agreement must also be rejected.

### IV. Conclusion

For the reasons explained in this Order, Kern is not entitled to relief on his § 2255 motion. He did not receive ineffective assistance of counsel and his plea was knowing and voluntary. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the clerk **shall docket a copy of this Order in 3:15-cr-00039-RLY-CMM-1.** The motion to vacate, Crim. Dkt. [59], shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Kern has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/23/2021

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY R. KERN
12995-028
FEDERAL CORRECTIONAL INSTITUTE
PO Box 2000
Joint Base, MD 08640

Lauren Wheatley
UNITED STATES ATTORNEY'S OFFICE (Evansville)
lauren.wheatley@usdoj.gov